[758 NYS2d 537]

In the Matter of PETER W. BIRKETT, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 5, 2003

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

By decision and order on application of this Court dated July 31, 2002, the petitioner was authorized to institute and prosecute a disciplinary proceeding against the respondent and the issues raised were referred to the Honorable John A. Monteleone, as Special Referee, to hear and report. The respondent was suspended for one year by opinion and order of this Court dated April 18, 2002, as a result of a prior disciplinary proceeding which involved one charge of neglect of a legal matter entrusted to him.

The petitioner moves to disbar the respondent based upon his failure to submit a written answer to charges of professional misconduct which were personally served upon him.

This Court's decision and order on application of July 31, 2002, and notice of petition and petition dated August 28, 2002, were personally served upon the respondent in Vero Beach, Florida, on September 17, 2002. The petition contains 10 charges of professional misconduct including neglect, abandonment of clients, and failure to refund unearned fees.

Although the decision and order on application dated July 31, 2002, directed the respondent to submit an answer within 10 days after service upon him of a copy of the petition, he did not do so. Moreover, he did not make an application for an extension of time to answer. Accordingly, he is in default and the charges against him must be deemed established.

Although served with the petitioner's motion and supporting papers on October 25, 2002, the respondent has failed to submit any answer.

Under the circumstances, the petitioner's motion is granted, the respondent is disbarred on default, and, effective immediately, his name is stricken from the roll of attorneys and counselors-at-law.

RITTER, J.P., SANTUCCI, ALTMAN, FLORIO and SMITH, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Peter W. Birkett, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Peter W. Birkett, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.